UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TERESA VENIECE GEER,**

    **Plaintiff,**

v.                                                            **Case No: 5:15-cv-507-Oc-GKS-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**[1]

Plaintiff appeals the administrative decision denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

**I. BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> On May 16, 2012, Plaintiff protectively filed an application for Disability Insurance Benefits (DIB), alleging she became disabled on December 16, 2007 (Tr. 109-15, 228-30, 248). Plaintiff's application was denied initially and upon reconsideration reconsideration (Tr. 123-37, 148-53, 155-60). The administrative law judge (ALJ) (ALJ) held an initial hearing on September 16, 2013, and a subsequent hearing on December 9, 2013 (Tr. 31-78). The ALJ found Plaintiff not disabled in a decision dated February 25, 2014 (Tr. 11-26). The Appeals Council denied Plaintiff's

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

request for review on August 6, 2015 (Tr. 3-8). The ALJ's decision is ripe for review under 42 U.S.C. § 405(g).

(Doc. 19, p. 1-2).

Plaintiff was 44 years of age on the date of the ALJ's decision. Plaintiff has an eighth grade education, and work experience as a secretary and landscaper. (Tr. 228, 240-247, 251-53, 261, 311, 314). Plaintiff alleged disability due to bipolar disorder, schizophrenia, anxiety, panic attacks, thyroid problems, diabetes, depression, mood swings, and racing thoughts. (Tr. 260).

Based on a review of the record, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2011. (Tr. 16, 231). The ALJ also found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of December 16, 2007 through her last date insured of June 30, 2011. (Tr. 16). At Step Two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus and affective mood disorder. (Tr. 16). The ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work with limitations. The ALJ concluded:

> [Plaintiff] would require work which is simple and unskilled, or low semi-skilled in nature, which are tasks performed so frequently as to be considered routine, even though the tasks themselves might not be considered simple (tasks with a specific vocational preparation of 3 or below). She can lift and carry 10 pounds frequently and 20 pounds occasionally (from very little, up to 1/2 of an 8-hour workday). She can sit for six hours and stand and/or walk for six hours (with normal breaks) in an eight-hour workday. She should avoid frequently ascending and descending stairs. Due to mild to moderate pain and medication side effects, she should avoid hazards in the workplace such as unprotected areas of moving machinery, heights, ramps, ladders, scaffolds; and on the ground, unprotected areas of holes and pits. She can perform each of the following postural activities occasionally: balancing, stooping, crouching, kneeling, and crawling, but not the climbing of ropes, scaffolds or ladders exceeding 6 feet. She has moderate non-exertional mental limitations which affect her ability to concentrate upon complex or detailed tasks but would remain capable of understanding, remembering, and carrying out simple job instructions; making work related judgments and decisions; responding appropriately to supervision, co-workers and work situations; and dealing with changes in a routine work setting. She should avoid stressful situations such as working with co-workers in a team; working directly with the public, and she

should work in an environment where she makes few decisions, and uses little judgment.

(Tr. 19).

Considering the testimony of a vocational expert and considering Plaintiff's age, education, work experience and RFC, the ALJ determined that Plaintiff could perform work that existed in significant numbers in the national economy, such as work as a cleaner, laundry clerk, and mailroom sorter. (Tr. 25). Accordingly, the ALJ determined that Plaintiff was not disabled. (Tr. 26).

**II. STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include

such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

Plaintiff raises a single issue on appeal: Whether the ALJ erred by failing to give "great weight" to opinions of Dr. Hosford, Plaintiff's treating physician, regarding workplace limitations arising from mental health issues. (Doc. 18, p. 1). Plaintiff argues that Dr. Hosford believes Plaintiff is not capable of maintaining full time employment, and that no other opinion directly addresses Plaintiff's ability to work full time. Plaintiff contends Dr. Hosford's opinion should have been given substantial or considerable weight, and objects to the ALJ's discrediting of the opinion.

In support of her argument, Plaintiff cites over 127 pages of mental health notes, beginning with Plaintiff being involuntarily committed pursuant to the Baker Act in 2002. (Tr. 339-465). More specifically, Plaintiff cites Dr. Hosford's records, including his mental status examination noting her history (Tr. 496-498). Plaintiff primarily relies, however, on Dr. Hosford's responses contained in the form "Mental Disorders Disability Evaluation for Social Security" (Tr. 523-534). In that evaluation form, Dr. Hosford noted Plaintiff's long mental health history, and opined that Plaintiff had marked limitations and restrictions in activities of daily living, social functioning, and mental functioning. After noting Plaintiff had numerous areas of marked limitation, Dr. Hosford

opined that she would miss work 4 or more days a month as a result of her mental health impairments. (Tr. 534).

The law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Further, the opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41.

Here, the ALJ articulated sufficient reasons, supported by substantial evidence, for according only "some weight" to the opinions of Dr. Hosford. (Tr. 22). In particular, the ALJ noted that Dr. Hosford's office notes were inadequate in scope and content. (Tr. 22). The ALJ stated that Dr. Hosford's notes failed to specify objective mental status examination findings, and activities of daily living data, and other findings. The ALJ also noted that opinions of functional limitations should be consistent with other findings in the reports and specific examples should be provided. Because Dr. Hosford's records were insufficient in these respects, the ALJ accorded only some weight to his opinions regarding Plaintiff's limitations. Indeed, the ALJ's observations regarding these inconsistencies are supported by a review of Dr. Hosford's records. (Tr. 496 - 534).

Dr. Hosford's opinions are also inconsistent with Plaintiff's activities of daily living, and the record evidence that she applied for a job at Wal-Mart and went on numerous vacations since the alleged onset date. (Tr. 23). As reported by Plaintiff's mother in law, Plaintiff is able to care for her children, prepares meals, grocery shops, helps children with their homework, does laundry, drives, walks and swims. (Tr. 17, 471-487). Finally, the ALJ noted that Dr. Hosford failed to address Plaintiff's issues with polysubstance abuse and their relation to her current state, which further led the ALJ to discount Dr. Hosford's opinion. (Tr. 24).

The undersigned agrees that the ALJ provided a clear explanation of his decision to discount Dr. Hosford's opinions. Even considering Plaintiff's treating relationship with Dr. Hosford, the ALJ was permitted to discount his opinion based on its inconsistency with and lack of support from the objective evidence. See 20 C.F.R. §§ 404.1527(c)(2)-(4), 416.927(c)92)-(4) (identifying consistency and supportability as factors for weighing medical opinions). An ALJ has good cause to discount a treating physician's opinion when the evidence supports a contrary finding. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Further, the form Dr. Hosford completed consists mostly of check-off boxes. *See Hammersley v. Astrue*, No. 5:08-cv-245, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("courts have found that check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions") (*citing, inter alia, Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985)).

Upon review, and for the reasons stated above, the undersigned finds that that the ALJ had good cause to give only some weight to Dr. Hosford's opinion, and his decision was supported by substantial evidence of record.

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the ALJ'S decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on December 29, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties